# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

CASE NO. 23-12584

KEVIN BASE *et al.*,

Appellants/Plaintiffs,

v.

GLENMARK PHARMACEUTICALS, INC.USA *et al.*,

Appellees/Defendants.

Appeal from the United States District Court
for the Southern District of Florida

Civil Action File Nos. 9:21-cv-80163; 9:20-md-02924

## OPENING BRIEF OF APPELLANTS KEVIN BASE AND JAMES F. CAVACINI, SR.

Salmon Ricchezza Singer & Turchi LLP
William Mark Mullineaux
1601 Market Street, Suite 2500
Philadelphia, PA 19103
mmullineaux@srstlaw.com
Tel: 610-291-3850
Fax: 215-279-9732
*Counsel for Appellants.*

<u>CERTIFICATE OF INTERESTED PERSONS</u>

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for Appellants Kevin Base and James F. Cavacini, Sr. hereby certify that the following is a complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular cases on appeal, including subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held corporation that owns 10% or more of a party's stock, and other identifiable legal entities related to a party:

- Agarwal, Amit – Counsel for Defendant-Appellee Glenmark Pharmaceuticals, Inc. USA
- Aldridge, Brad – Defendant-Appellee
- Apotex Corp. – Defendant-Appellee
- Aurobindo Pharma Ltd. – Defendant-Appellee
- Base, Kevin – Plaintiff-Appellant
- Berman, Steve – Counsel for Defendant-Appellee Brad Aldridge
- BJ's Wholesale Club Holdings, Inc. – Defendant-Appellee
- Blank Rome LLP – Counsel for Defendant-Appellee Apotex Corp.
- Boehringer Ingelheim Pharmaceuticals, Inc. – Defendant-Appellee
- Boehringer Ingelheim Corporation – Defendant-Appellee
- Boehringer Ingelheim USA Corporation – Defendant-Appellee
- Boehringer Ingelheim International GmbH – Defendant-Appellee
- Boehringer Ingelheim Promeco, S.A de C.V. – Defendant-Appellee
- Bucciero, Lea – Counsel for Defendant-Appellee Brad Aldridge
- Buchalter, APC – Counsel for Defendant-Appellee Glenmark Pharmaceuticals, Inc. USA

- Cartee, Arthur – Plaintiff-Appellant

- Carter, Cole – Counsel for Defendants-Appellee GlaxoSmithKline LLC

- Cavacini, Sr., James F. – Plaintiff-Appellant

- Chattem, Inc. – Defendant-Appellee

- Chaifetz, Samantha - Counsel for Defendant-Appellees Sanofi-Aventis U.S. LLC, Sanofi US Services, Inc., and Chattem, Inc.

- Chomentowski, Stephanie C. – Counsel for Defendant-Appellee Apotex Corp.

- Cory Watson, PC – Counsel for Defendant-Appellee Michael McCandless

- Crompton, Randall Seth – Counsel for Plaintiff-Appellant Elaine Harrell

- CVS Pharmacy, Inc. – Defendant-Appellee

- Davis & Norris, LLP – Counsel for Defendant-Appellee Michael McCandless

- Dellaccio, Jr., Douglas A. – Counsel for Defendant-Appellee Michael McCandless

- Devereaux, Stephen – Counsel for Defendant-Appellees Boehringer Ingelheim Pharmaceuticals, Inc.; Boehringer Ingelheim Corporation; Boehringer Ingelheim USA Corporation

- DLA Piper LLP (US) - Counsel for Defendant-Appellees Sanofi-Aventis U.S. LLC, Sanofi US Services, Inc., and Chattem, Inc.

- Dr. Reddy's Laboratories – Defendant-Appellee

- Eisenstein, Ilana - Counsel for Defendant-Appellees Sanofi-Aventis U.S. LLC, Sanofi US Services, Inc., and Chattem, Inc.

- Geri-Care, Inc. – Defendant-Appellee

- GlaxoSmithKline, LLC – Defendant-Appellee

- GlaxoSmithKline (America) Inc. – Defendant-Appellee

- GlaxoSmithKline PLC (GSK) – Defendant- Appellee

- Glenmark Pharmaceuticals Inc., USA - Defendant-Appellee

- Goldenberg, Marlene – Defendant-Appellee

- Granules USA, Inc. – Defendant-Appellee

- Hagens Berman Sobol Shaprio, LLP – Counsel for Defendant-Appellee Brad Aldridge

- Harrell, Elaine – Plaintiff-Appellant

- Henkle Hensley Shanor & Martin LLP – Counsel for Defendant-Appellee Apotex Corp.

- Henry, Terry – Counsel for Defendant-Appellee Apotex Corp.

- Herring, Andrew – Counsel for Defendant-Appellee Michael McCandless

- Holland, Eric – Counsel for Plaintiff-Appellant Elaine Harrell

- Holland Groves Schneller & Stolze, LLC – Counsel for Plaintiff-Appellant Elaine Harrell

- Holland & Knight, LLP - Counsel for Defendant-Appellee Glenmark Pharmaceuticals. Inc., USA

- Horton, Rachel - Counsel for Defendant-Appellees Sanofi-Aventis U.S. LLC, Sanofi US Services, Inc., and Chattem, Inc.

- Jackson, Timothy – Counsel for Plaintiff-Appellant Arthur Cartee

- Keller, Ashley – Counsel for Plaintiff-Appellants Elaine Harrell and Arthur Cartee

- Keller Postman LLC - Counsel for Plaintiff-Appellant Elaine Harrell and Arthur Cartee

- King & Spalding LLP - Counsel for Defendant-Appellees Boehringer Ingelheim Pharmaceuticals, Inc.; Boehringer Ingelheim Corporation; Boehringer Ingelheim USA Corporation

- Kirkland & Ellis, LLP – Counsel for Defendant-Appellee GlaxoSmithKine LLC

- Kitchens, Madison - Counsel for Defendant-Appellees Boehringer Ingelheim Pharmaceuticals, Inc.; Boehringer Ingelheim Corporation; Boehringer Ingelheim USA Corporation

- Kramer, Jessica S. – Counsel for Defendant-Appellee Glenmark Pharmaceuticals Inc., USA

- L. Perrigo Company – Defendant-Appellee

- Lefkowitz, Jay P. – Counsel for Defendant-Appellee GlaxoSmithKline

LLC

- ☐ Martinez-Cid, Ricardo – Counsel for Defendant-Appellee Brad Aldridge

- Mateo, Daniel – Counsel for Defendant-Appellee Glenmark Pharmaceuticals Inc., USA

- Mayer, Danielle – Counsel for Defendant-Appellee Glenmark Pharmaceuticals Inc., USA

- Mezzina, Paul Alessio – Counsel for Defendant-Appellees Boehringer Ingelheim Pharmaceuticals, Inc.; Boehringer Ingelheim Corporation; Boehringer Ingelheim USA Corporation

- McVeigh, Amy – Counsel for Defendant-Appellee Glenmark Pharmaceuticals Inc., USA

- McCandless, Michael – Defendant-Appellee

- Miller, Lauren S. – Counsel for Defendant-Appellee Michael McCandless

- Modrall Sperling – Counsel for Defendant-Appellee Glenmark Pharmaceuticals Inc., USA

- Mullineaux, William – Counsel for Plaintiff-Appellant Kevin Base and James F. Cavacini, Sr.

- Mylan Pharmaceuticals, Inc. (MPI) – Defendant-Appellee

- Par Pharmaceutical, Inc. – Defendant-Appellee

- Patheon Manufacturing Services LLC – Defendant-Appellee

- Petrosinelli, Joseph – Counsel for Defendant-Appellee Pfizer, Inc.

- Podhurst Orseck, PA – Counsel for Defendant-Appellee Brad Aldridge

- Pfizer, Inc. (PFE) – Defendant-Appellee

- Querns, Ann – Counsel for Defendant-Appellee Apotex Corp.

- ☐ Ranbaxy, Inc. – Defendant-Appellee

- Rothschild, Philip E. – Counsel for Defendant-Appellee Glenmark Pharmaceuticals Inc., USA

- Roxane (now owned by Hikma) – Defendant-Appellee

- Saharia, Amy – Counsel for Defendant-Appellee Pfizer, Inc.

- Salmon Ricchezza Singer & Turchi, LLP – Counsel for Plaintiff-Appellant Kevin Base and James F. Cavacini, Sr.

- Sandoz, Inc. – Defendant-Appellee

- Sanofi-Aventis U.S. LLC – Defendant-Appellee

- Sanofi US Services Inc. – Defendant-Appellee

- Schnuck Market, Inc. – Defendant-Appellee

- Shanor, Stephen – Counsel for Defendant-Appellee Apotex Corp.

- Showalter, Anne – Counsel for Defendant-Appellee Pfizer, Inc.

- Strides Pharma, Inc. (Strides Pharma Global Pte. Ltd.) – Defendant-Appellee

- Sun Pharmaceutical Industries, Inc. – Defendant-Appellee

- Thomas, Jane – Counsel for Defendant-Appellee Apotex Corp.

- Walker, Alex – Counsel for Defendant-Appellee Glenmark Pharmaceuticals Inc., USA

- Wallace, Edward – Counsel for Plaintiff-Appellant Arthur Cartee

- Wallace Miller – Counsel for Plaintiff-Appellant Arthur Cartee

- Williams & Connolly, LLP – Counsel for Defendant-Appellee Pfizer, Inc.

- Winters, Daniel K. – Counsel for Defendant-Appellee Glenmark Pharmaceuticals Inc., USA

- Wockhardt Ltd. – Defendant-Appellee

- Yoo, Thomas J. – Counsel for Defendant-Appellee Glenmark Pharmaceuticals Inc., USA

Dated: February 1, 2024

Respectfully submitted,

**SALMON RICCHEZZA SINGER & TUCHI LLP**

BY: */s/WMMullineaux*
William Mark Mullineaux, Esquire
PA I.D. 40964

1601 Market St., Suite 2500
Philadelphia, PA 19103
Phone: (610) 291-3850
Fax: (215) 279-8267
Email: mmullineaux@srstlaw.com

## STATEMENT REGARDING ORAL ARGUMENT

Appellants respectfully request an opportunity to present oral argument on the issues in this appeal. Appellants are just two of many plaintiffs in the MDL and many appellants before this Court. The issues raised in this appeal are different from issues raised by the other many appellants from the MDL actions. Our argument will ensure that Appellants' isolated argument is fully communicated to the Court.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ......................................... C-1

STATEMENT REGARDING ORAL ARGUMENT ..................................... i

TABLE OF CONTENTS .............................................................. ii

TABLE OF AUTHORITIES ......................................................... iv

STATEMENT OF JURISDICTION ............................................... 1

STATEMENT OF THE ISSUES ................................................... 1

STATEMENT OF THE CASE ..................................................... 2

    I.   Introduction…………………………………………………………2

    II.   Base-Cavacini Timely Filed a Notice of Intent…………………..3

    III.  District Court Treated Base-Cavacini as "delinquent plaintiffs"…4

    IV.   Base-Cavacini filed a Motion to Dismiss without prejudice…….5

    V.  Before Filing Defendants' Motion to Dismiss, Defendants Were on Notice that Base-Cavacini Had Timely Filed the Notice………5 of Intent

STANDARD OF REVIEW……………………………………………...7

SUMMARY OF THE ARGUMENT……………………………………8

ARGUMENT ........................................................................ 10

    I.     Because Plaintiffs Did Not Miss a Filing Deadline and there are  no Required Findings to Support a Rule 41(b) Order, the Order Granting the 41(b) Motion must be Reversed……………………………...10

   II.    The District Court Should Have Granted Base-Cavacini's
Motion to Dismiss Without Prejudice Because Such an Order Would
Not Cause Clear Legal Prejudice to Defendants…………………………..11

CONCLUSION ............................................................................14

CERTIFICATE OF COMPLIANCE WITH FRAP 32(g)(1) ....................15

CERTIFICATE OF SERVICE ..................................................16

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*Betty K Agencies, LTD v M/V Monada,* .
    432 F3d 1333, 1337-1338 (11th Cir 2005)…………………………7,8,11

*Boazman v. Econ. Lab., Inc*., 537 F.2d 210, 212-13 (5th Cir. 1976)…………8

*Calloway v Perdue Farms, Inc.*, 313 F App'x 246, 249 [(11th Cir 2009)……..7

*EEOC v. First National Bank*, 614 F.2d 1004 (5th Cir.1980)………………..10

*Holcomb v. Fed. Home Loan Mortg. Corp*.,
2012 U.S. Dist. LEXIS 192182  (S.D. Fla. 2012)……………………………12

*San Marco v. City of St. Petersburg*, 185 F.R.D. 679 (M.D. Fla. 1999)……..12

*United States v $70,670.00 in United States Currency*,
929 F3d 1293, 1300 (11th Cir 2019),
cert. denied, 2020 U.S. LEXIS 2192 (U.S. 2020)…………………………….7

**Rules**
Fed. R. Civ. P. 41 ................................................................................... *passim*

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because Plaintiffs' appeal is from a final judgment by a District Court in this Circuit. The judgment was entered on July 14, 2023 and Plaintiffs filed a timely notice of appeal on August 3, 2023.

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between plaintiff and defendants in both actions at 9:20-md-02924 and 9:21-cv-80163.

## STATEMENT OF THE ISSUES

1.     Whether the District Court erred when it granted Defendants' Rule 41(b) Motion to Dismiss with prejudice based on the allegation that Plaintiffs missed the April 12, 2023 deadline to file a Notice of Intent when in fact Plaintiffs filed a Notice of Intent on March 22, 2023.

2.     Whether the District Court erred when it granted Defendants' Rule 41(b) Motion to Dismiss without evaluating or making findings on (a) whether Plaintiffs acted with a clear pattern of delay, willful contempt, or contumacious conduct; and (b) whether lesser sanctions would suffice.

3.     Whether evidence supports a finding that Plaintiffs acted with a clear pattern of delay, willful contempt, or contumacious conduct.

4.     Whether the District Court erred denying Plaintiffs' Rule 41(a)(2) Motion to Dismiss without prejudice as moot, when the District Court should have denied Defendants' Motion to Dismiss and granted Plaintiffs' Motion to Dismiss based on the evidence.

## STATEMENT OF THE CASE

### I.     Introduction

Appellant Kevin Base suffers from colon cancer, a Non-Designated Cancer in this case. The District Court dismissed Base-Cavacini's claims for damages related to the cancer caused by the consumption of Zantac. Appellant James F. Cavacini, Sr.'s claim is for loss of consortium. *See* Amended Short Form Complaint (Doc. 9 in 9:21-cv-80163) (A-5).

Appellants at times are referred to as "Base-Cavacini." Appellees at times are referred to as "Defendants."  "A-_" refers to Plaintiff's Appendix.

(Note, references to "Doc." refer to the main MDL docket at 9:20-md-02924, unless the reference specifically identifies the 9:21-cv-80163 docket)

## II.  Base-Cavacini Timely Filed a Notice of Intent

The District Court on February 14, 2023, in Pretrial Order 81 ("PTO 81"), entered an order requiring Base-Cavacini  to file a Notice of Intent on Claims and Expert Reports.  PTO 81 provided for a deadline of April 12, 2023 for Plaintiffs to file:

> Notice of Non-Designated Cancers each Plaintiff intends to pursue, ***if any***, and will certify his or  her intent to provide  general causation expert reports on the Non-Designated Cancer(s). (Emphasis added).

Doc. 6271, page 2 (A-33, 34)

On **March 22, 2023**, Base-Cavacini  filed a Notice of Intent on Claims and Expert Reports stating that Base-Cavacini's claim is Non-Designated and they "do not intend to pursue any claim based on colon cancer or any other claim in this case, and will not provide a general causation expert report."   (Doc 6383, p.1) (A-31) The Notice of Intent provided the information required by PTO 81 by stating Base-Cavacini's **intent** to not to pursue "any" claim and their **intent** to not provide general causation expert reports.

While the District Court stated five reasons Base-Cavacini were dismissed (Doc. 6766 at p.6 (A-29), the finding that resulted in dismissal of Base-Cavacini was the Court treating Base-Cavacini as delinquent plaintiffs without any explanation for that holding. The District Court dismissed Base-Cavacini  by granting the Motion to Dismiss as stated in the Order:

> Defendants' Motions to Dismiss [DE 6686; DE 6720; DE 6746] are
> **GRANTED** as to the cases attached as **Exhibit A** which are
> **DISMISSED WITH PREJUDICE**

(Emphasis in original. Doc 6686 is the Motion to Dismiss that resulted in the dismissal of Base-Cavacini).

### III. District Court Treated Base-Cavacini as "delinquent plaintiffs"

About 2½ months after Base-Cavacini timely filed the Notice of Intent, Defendants on June 7, 2023, filed a Motion to Dismiss against "delinquent plaintiffs" based solely on missing the April 12, 2023 **filing deadline**. The Motion to Dismiss starts with:

> Brand Defendants respectfully request that this Court dismiss with prejudice all Non-Designated Cancer cases filed by Plaintiffs who have failed to meet their obligation under Pretrial Order ("PTO") 81 to file by April 12, 2023 a Notice of Non-Designated Cancers each Plaintiff intended to pursue (the "Delinquent Base-Cavacini ").

Doc 6686 at 1 (A-11) .

The Motion to Dismiss just sought relief against "delinquent plaintiffs" who had not filed a Notice of Intent by April 12, 2023. The Motion to Dismiss, at page 3, makes it clear that basis for dismissal of Base-Cavacini was the alleged failure to comply with the April 12, 2023 deadline:

> On February 14, 2023, this Court entered PTO 81, which instructs each Plaintiff alleging a Non-Designated Cancer to file a Notice and details the procedures for doing so. In the first paragraph of PTO 81, the Court states: "If any Plaintiff fails to meet the requirements and deadlines established by this Order, his or her action may be subject to dismissal

with prejudice under Rule 41(b)." A demonstrative table immediately follows this instruction. The table pairs a "**DEADLINE**" with a coordinating "EVENT" and states: by **April 12, 2023**, "Individual Plaintiffs" shall file a **Notice** of Non-Designated Cancers each Plaintiff **intends to pursue, if any**, and will certify his or her intent to provide general causation expert reports on the Non-Designated Cancer(s)."

Doc 6686 at 3 (A-13)(Emphasis added).

Defendants on June 23, 2023 filed a NOTICE OF NON-OPPOSITION providing notice that *delinquent plaintiffs* did not file oppositions to the Motion to Dismiss delinquent plaintiffs. (Doc. 6734) (A-41) Base-Cavacini, as non-delinquent plaintiffs filed a response to the NOTICE OF NON-OPPOSITION (Doc. 6747) (A-44), to inform the Court that Base-Cavacini on March 22, 2023 did timely file Notice of Intent.

### IV. Base-Cavacini Filed a Motion to Dismiss without prejudice

On July 5, 2023, Base-Cavacini filed a Motion to Dismiss under Rule 41(a)(2) without prejudice. (Doc. 12 at 9:21-cv-80163)(A-19). The District Court without analysis on the merits, denied the motion as moot. (Doc 6766 at 7)(A-24, 30)

### V. Before Filing Defendants' Motion to Dismiss, Defendants Were on Notice That Base-Cavacini Had Timely Filed the Notice of Intent

Defendants filed the Motion to Dismiss against "delinquent plaintiffs" knowing that Base-Cavacini had timely filed the Notice of Intent on March 22, 2023 and that Base-Cavacini were not delinquent. On May 12, 2023, Base-Cavacini sent

Defendants a copy of Base-Cavacini's timely filed Notice of Intent. (Doc 6747-2) (A-37, A-38) Base-Cavacini asked Defendants to stipulate to a dismissal without prejudice because of Base-Cavacini' compliance with the April 12, 2023 deadline. *See* emails between counsel, particularly the email sent May 12, 2023, 11:00 AM. (Doc 6747-2) (A-37, 38).

Defendants said they would not reach agreements with individual plaintiffs on dismissals but would resolve that issue globally and asked for Base-Cavacini's "patience." *See* Exhibit 2 hereto, particularly the email sent May 14, 2023, 9:52 PM. (Doc 6747-2) (A-37, 38). Defendants when responding to Base-Cavacini did not indicate that there was a problem with Base-Cavacini's Notice of Intent or that it was delinquent. (Doc 6747-2) (A-37, 38).

The notice to Defendants on May 12, 2023 of timely filing of Base-Cavacini's Notice of Intent was before Defendants filed the Motion to Dismiss on June 7, 2023 (Doc 6686) (A-11).

Appellant Kevin Base has a pending "Zantac" complaint, filed September 8, 2022, pending in the Court of Common Pleas of Philadelphia County. (6747-1)(A-52).

# STANDARDS OF REVIEW

## The standards of review on F.R.C.P. 41(a)(2)

Order may be reviewed only for an abuse of discretion.

Under the abuse-of-discretion standard, "[a] district court's underlying legal conclusions are reviewed *de novo* and its factual findings for clear error."

A district court *abuses its discretion* when it applies an incorrect legal standard, relies on clearly erroneous factual findings, or commits a clear error of judgment.

*United States v $70,670.00 in United States Currency*, 929 F3d 1293, 1300 (11th Cir 2019), cert. denied, 2020 U.S. LEXIS 2192 (U.S. 2020)

## The standards of review on F.R.C.P. 41(b)

This Court reviews the district court's dismissal with prejudice under Rule 41(b) for an abuse of discretion and will not disturb unless it amounts to a clear error of judgment. *Calloway v Perdue Farms, Inc.*, 313 F App'x 246, 249 [(11th Cir 2009).

Under Rule 41(6), the District Court cannot dismiss with prejudice unless and until the (a) District Court finds a clear pattern of delay or willful contempt (contumacious conduct); and (b) the District Court specifically finds that lesser sanctions would not suffice. *Betty K Agencies, LTD v M/V Monada*, 432 F3d 1333, 1337-1338 (11th Cir 2005). This Court "rigidly require[s] the district courts to

make these findings precisely." *Id*. at 1339. "The district court's failure to make either finding was a **clear abuse of discretion**." Id. at 1340 (Emphasis added).

*See also*, *Boazman v. Econ. Lab., Inc*., 537 F.2d 210, 212-13 (5th Cir. 1976)( district court **abused its discretion** by dismissing a case with prejudice absent some evidence of both contumacious violation of the court's order and a finding that lesser sanctions were not available)

## SUMMARY OF THE ARGUMENT

Defendants did not meet the burden of proof necessary for a dismissal with prejudice pursuant to F.R.C.P. 41(b). District Court dismissed Base-Cavacini by holding that Base-Cavacini were "Delinquent Plaintiffs" who failed to file a Notice of Intent by the **deadline of April 12, 2023**. The fact is Base-Cavacini filed a Notice of Intent on **March 22, 2023**.

For dismissals with prejudice, this Court has a rigid requirement to make specific findings. Under Rule 41(b), the District Court cannot dismiss with prejudice unless and until the (a) District Court finds a clear pattern of delay or willful contempt (contumacious conduct); **and** (b) the District Court specifically finds that lesser sanctions would not suffice. The *Betty K Agencies, LTD v M/V Monada*, 432 F3d 1333, 1337-1338 (11th Cir 2005).

This Court "rigidly require[s] the district courts to make these findings precisely." *Id*. at 1339. "The district court's failure to make **either finding** was a **clear abuse of discretion**." Id. at 1340 (Emphasis added).

A reversal of the 41(b) dismissal is clear in this case because the District Court did not make any specific and precise findings (a) of *clear pattern* of delay or willful contempt, contumacious conduct; and (b) that lesser sanctions would not suffice.

The District Court did not consider, evaluate or even discuss whether Base-Cavacini had a clear *pattern* of delay, *willful* contempt, or contumacious conduct OR whether there were lesser sanctions to use. Pursuant to this Court's clear requirements, the dismissal with prejudice must be reversed.

Base-Cavacini did not delay, have willful contempt, or act with contumacious conduct. PTO 81 required Base-Cavacini  to "file a Notice of Non-Designated Cancers each Plaintiff intends to pursue, ***if any***, and will certify his or her intent to provide general causation expert reports on the Non-Designated Cancer(s)." (Emphasis added). Base-Cavacini  filed a Notice of Intent that stated their intent on pursuing claims and providing expert reports. No pattern of delay, nothing willful and nothing contumacious.

The District Court  had before it two (2) motions to dismiss -  one by Defendants under 41(b) requesting dismissal with prejudice and one by Base-Cavacini

under 41(a)(2) requesting dismissal without prejudice. Defendants' Motion as against Base-Cavacini must be denied for the reasons stated above. The District Court denied Base-Cavacini's 41(a)(2) Motion as "moot" without any analysis at all.

This Court should rule that the Base-Cavacini 41(a)(2) Motion must be granted because Base-Cavacini met the burden for a Rule 41(a)(2) dismissal. That is because the granting of the Base-Cavacini Motion will not cause Defendants to suffer "clear legal prejudice."

## ARGUMENT

I. **Because Plaintiffs Did Not Miss a Filing Deadline and there are no Required Findings to Support a Finding of a Rule 41(b) Dismissal, the Order Granting the 41(b) Motion must be Reversed**

Under Rule 41(b), dismissal of an action with prejudice is a "sanction of **last resort**, applicable only in extreme circumstances." *EEOC v. First National Bank*, 614 F.2d 1004, 1007 (5th Cir.1980) (Emphasis added). Defendants acknowledge that dismissal is an extraordinary remedy. Defendants Motion to Dismiss (Doc. 6686 at p. 2-3).(A-11, 12, 13).

For a district court to grant a dismissal with prejudice it must follow a rigid requirement to make specific findings required by this Court. Under Rule 41(b), the District Court cannot dismiss with prejudice unless and until the (a) District Court finds a clear pattern of delay or willful contempt (contumacious conduct);

and (b) the District Court specifically finds that lesser sanctions would not suffice. *Betty K Agencies, LTD v M/V Monada*, 432 F3d 1333, 1337-1338 (11th Cir 2005).

This Court "rigidly require[s] the district courts to make these findings precisely." *Id*. at 1339. "The district court's failure to make **either finding** was a **clear abuse of discretion**." *Id.* at 1340 (Emphasis added).

This Court should reverse the dismissal with prejudice because the District Court did not make specific and precise findings (a) of *clear pattern* of delay, *willful* contempt, or *contumacious* conduct OR lesser sanctions. Pursuant to this Court's clear requirements, the dismissal with prejudice must be reversed.

To say the least, Defendants did not meet the burden of proof that Base-Cavacini's filing of the Notice of Intent or other conduct was a *clear pattern* of delay, *willful* contempt, or *contumacious* conduct.

In the Notice of Intent, Base-Cavacini directly responded with their intent on pursuing claims and serving expert reports.

## II. The District Court Should Have Granted Base-Cavacini's Motion to Dismiss Without Prejudice Because Such an Order Would Not Cause Clear Legal Prejudice to Defendants

The standard for granting a motion to voluntary dismiss without prejudice under Rule 41(a)(2) is:

> a court should generally not deny a motion to dismiss under Rule 41(a)(2) unless the defendant would suffer "**clear legal prejudice**" as a result. While legal prejudice must be more than the "'mere prospect of a second lawsuit,'" time and effort expended by a defendant are valid

considerations. Case law also shows that dismissal without prejudice under Rule 41(a)(2) is more likely "if the motion is made at an early stage of the case, before much has happened and only limited human and financial resources have been invested in the matter by the defense."

*Holcomb v. Fed. Home Loan Mortg. Corp.*, 2012 U.S. Dist. LEXIS 192182, *2-3 (S.D. Fla. 2012) (citations omitted) (Emphasis added).

In *San Marco v. City of St. Petersburg*, 185 F.R.D. 679, 680-681 (M.D. Fla. 1999), the Middle District of Florida granted a voluntary dismissal without prejudice to allow Plaintiff to pursue an earlier-filed case in state court. In *San Marco*, the court found for plaintiff even though the plaintiff did not file his motion for dismissal until after defendant filed a motion for summary judgment. The court found that although defendant's concerns were valid, the defendant would not be seriously prejudiced by a dismissal. *Id.* The Court said, "a plaintiff's motion, under Rule 41(a)(2), should not be denied absent substantial prejudice to the defendant." *Id.*

The District Court just denied Base-Cavacini's Motion as moot. A review of the facts shows that the District Court should have granted that Motion. A dismissal of Base-Cavacini's claims without prejudice will not cause "clear legal prejudice" to Defendants. There has not been any adjudication on the merits of Base-Cavacini claims. The illness is non-designated and active litigation on those claims has not occurred. There has been no decision or pending motion on whether zantac causes colon cancer. No expert reports on colon cancer have been served.

Lead counsel for plaintiffs elected to have separate designated and non-designated cancer claims. Defendants were not represented by lead counsel and had no involvement in the decision to make claims non-designated.

Defendants decided to obtain dismissal of many delinquent plaintiffs with a motion asking for dismissal of all plaintiffs who did not file Notice of Intent by April 12, 2023. The Motion was largely successful and many plaintiffs were dismissed as a result of the Motion. But because Base-Cavacini did file a timely Notice of Intent, that Motion to Dismiss for failure to file by April 12, 2023 does not work against Base-Cavacini. Because of the filing of the Notice of Intent, Base-Cavacini just do not fit within Defendants' Omnibus Motion.

Base-Cavacini's motion should be granted unless granting the motion would cause Defendants to suffer "clear legal prejudice." *Holcomb, supra.* There will not be clear legal prejudice. Defendants are in this position because they elected to obtain dismissals of a lot of plaintiffs in an Omnibus Motion by alleging all plaintiffs did not file Notice of Intent by April 12, 2023. The motion does not apply to non-delinquent Base-Cavacini. As such, Defendants will not suffer a clear legal prejudice if Base-Cavacini are dismissed without prejudice.

Because Base-Cavacini are not "delinquent," Defendants do not even have a valid pending motion to dismiss the non-delinquent Base-Cavacini. The only

pending valid motion to dismiss is Base-Cavacini's Motion to Dismiss without prejudice. That motion should be granted.

## CONCLUSION

Plaintiffs respectfully ask that this Court to reverse the District Court's granting of Defendants' Rule 41(b) Motion to Dismiss with prejudice and order the District Court to grant Plaintiffs' Rule 41(a)(2) Motion to Dismiss without prejudice.

**SALMON RICCHEZZA SINGER & TUCHI LLP**

BY: */s/WMMullineaux*
William Mark Mullineaux, Esquire
PA I.D. 40964
1601 Market St., Suite 2500
Philadelphia, PA 19103
Phone: (610) 291-3850
Fax: (215) 279-8267
Email: mmullineaux@srstlaw.com
*Attorneys for Plaintiffs/Appellants*

## <u>CERTIFICATE OF COMPLIANCE WITH FRAP WITH 32(g)(1)</u>

The undersigned certifies that this Brief complies with the applicable type volume limitations in Rule 32(a)(7) and as ordered by the Court on December 26, 2024 (28,000 words). This brief contains 4052 words, exclusive of the components that are excluded from the word count limitation in Rule 32(f). This certificate was prepared in reliance upon the word-count function of the word processing system (Microsoft Word) used to prepare this brief. This brief complies with the typeface and type style requirements of Rule 32(a)(5) because it has been prepared in a proportionally spaced typeface using font size 14 Times New Roman.

Dated: February 1, 2024

<u>*/s/WMMullineaux*</u>
William Mark Mullineaux

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2024, an electronic copy of the foregoing Opening Brief of Appellants was filed with the Clerk for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system.

**SALMON RICCHEZZA SINGER & TUCHI LLP**

BY: */s/WMMullineaux*
William Mark Mullineaux, Esquire
PA I.D. 40964
1601 Market St., Suite 2500
Philadelphia, PA 19103
Phone: (610) 291-3850
Fax: (215) 279-8267
Email: mmullineaux@srstlaw.com
*Attorneys for Plaintiffs/Appellants*